Eva KATZMAN, Plaintiff–Appellant,

v.

CITIBANK, Defendant–Appellee,

No. 07–3718–cv.

United States Court of Appeals,
Second Circuit.

Nov. 4, 2008.

Mark I. Silberblatt, Bisceglie & DeMarco, L.L.C., West Paterson, NJ, for Appellants.

David M. Cherubin, Crane, Parente & Cherubin, Albany, NY, for Appellees.

Present RICHARD C. WESLEY, PETER W. HALL and JOHN R. GIBSON, Circuit Judges.*

## SUMMARY ORDER

Plaintiff–Appellant Eva Katzman ("Katzman") appeals from a decision and order resulting in a judgment, entered on August 13, 2007, by the United States District Court for the Northern District of New York, granting Citibank's motion for summary judgment. Katzman commenced this action seeking: (a) payment of a certificate of deposit ("CD"), issued by Citibank in 1981 to her late husband Abel Katzman; and (b) damages for breach of contract. We assume the parties' familiarity with the factual background, procedural history and issues raised in this appeal. For the reasons that follow, we reverse the grant of summary judgment in favor of Citibank and remand for further proceedings.

We review *de novo* a grant of summary judgment, viewing the facts in the light most favorable to the non-moving party, drawing all reasonable inferences and resolving any ambiguities in the non-moving party's favor. *See Tufariello v. Long Island R.R. Co.,* 458 F.3d 80, 85 (2d Cir. 2006). The moving party bears the burden of showing, by competent evidence, that no genuine issue of material facts exists. *See* Fed.R.Civ.P. 56. At the sum-

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit Court, sitting by designation.

mary judgment stage, a trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While the admissibility of the evidence is for a trial court to decide, disputes about "the validity of the underlying data go to the weight of the evidence and are for the fact-finder to resolve." *Raskin v. Wyatt Co.,* 125 F.3d 55, 66 (2d Cir.1997).

The following facts are undisputed: In 2001, following her husband's death, Katzman found the CD, issued by Citibank's Union Turnpike, Flushing, New York branch, on or about March 18, 1981, in the amount of $85,000 bearing interest at 13.677 percent per year, to be paid to "Abel Katzman and/or Eva Katzman," twenty-six weeks after the date of the CD. The CD stated on its face: "Payment will be made when this Certificate is turned in at the Branch or Office named above," and one of its terms and conditions stated: "To withdraw your entire balance you must surrender your certificate to Citibank on or before your maturity date." Abel Katzman did not inform his wife that he deposited $85,000 into the Citibank account in 1981, and Katzman had no other documents pertaining to the CD or the relevant bank account. The Katzmans filed their last tax return in 1982.

In 2001, Katzman sought to collect payment from Citibank on the CD. A search conducted by Citibank in connection with the CD and related bank accounts produced microfiche reports entitled "Time Products 1099 com fiche report" for the years 1982, 1986, 1988 and 1990–2000. The 1982 report showed $10,844.48 interest earned on the relevant account as re-

portable income, but the reports for all other years for which microfiche reports were located did not show that any interest income for the relevant account was reported. Citibank's Abandoned Property Unit searched for the relevant account. It found no evidence that the account was processed by the Abandoned Property Unit or transferred to the State to become escheated property. Katzman commenced this action in New York State Supreme Court, Onondaga County. Citibank removed the action to the United States District Court for the Northern District of New York.

In its motion for summary judgment Citibank argued that a presumption of payment[1] applies because of the long lapse of time since the CD was issued. The district court acknowledged that New York recognizes a presumption of payment rule but declined to apply it because it found that New York law was unclear on whether a twenty-year period was required to trigger the presumption. Although it did not apply the presumption of payment, the district court found that the long lapse of time warranted a strong inference of payment. In determining the summary judgment motion in favor of Citibank, the district court relied on the following facts and inferences drawn from the record before the court: (a) Citibank routinely destroys account records seven years after an account has been closed; (b) Citibank had no interest records for the relevant account after 1982; (c) the Katzmans did not report income tax after 1982; (d) no records exist of the relevant account in the Citibank's Abandoned Property Unit or with the State of New York; (e) Katzman has no knowledge of the account or any related activities; and (f) mere possession of the CD does not demonstrate that the account

1. We do not need to decide whether New York's presumption applies in this case because the district court did not rely on it, and it is not necessary for the resolution of this appeal.

is still active or that the funds are in the account. The district court found it was undisputed that "the original Certificate did not need to be presented to obtain funds from the account" because Citibank "would pay out on an account if the customer was properly identified by a bank officer or employee." Thus, based on the inference of payment and "the other undisputed evidence," the district court found, no reasonable trier of fact "could conclude that the account had not been paid out."

Because when analyzing a motion for summary judgment all inferences must be drawn in favor of the non-moving party, we find the district court erred when it impermissibly drew the following inferences in favor of the moving party, Citibank: (i) that there had been payment due to a lapse of time following the issuance of the CD; (ii) that the account was paid out because it was Citibank's policy to destroy account records seven years after closing and Citibank had no records showing an open account after 1982; (iii) that Katzman and her husband did not have any reportable income because they did not file tax returns after 1982; (iv) that the relevant account was closed because neither Citibank nor New York State had records showing the account was treated as abandoned property. Citibank's own records, however, demonstrate that it does not destroy all relevant account records seven years after closing an account. For instance, the 1982 fiche showing $10,844.48 interest earned on the relevant account, produced during this litigation, is a record pertaining to the very account Citibank claims to have been closed by 1986. Furthermore, that Katzman did not file tax returns after 1982 does not indicate that Katzman "and her husband did not have any reportable income," and, absent other evidence relevant to Katzmans' tax returns or their income, any conclusion about reasons the Katzmans failed to pay income tax is speculative. Additionally, that the relevant account was not treated as abandoned property by Citibank or New York State does not, without more, warrant an inference that the account was closed, and drawing any inference in Citibank's favor from such evidence was improper. Furthermore, no inference should be drawn in favor of Citibank that the account was paid based on the lapse of time in light of the terms and conditions of the CD, which state *inter alia:* "To withdraw your entire balance you must surrender your certificate to Citibank on or before maturity date," and "Your account balance will be automatically renewed unless you notify us in person or in writing." In fact, drawing inferences from the terms of the CD in favor of Katzman, especially in light of the requirement that the CD be surrendered at the time of payment, it is reasonable to infer that, if the CD was not surrendered to Citibank, it would have been renewed automatically rather than closed.

Although Citibank presented competent evidence from its operations manager in charge of Citibank's policies and procedures, including its policies and procedures for record retention, that, "[if] a Citibank customer who is identified by an officer or employee of a branch came to the branch without a Savings Certificate, the Savings Certificate would have been paid to the customer and the appropriate notation made on the account," that evidence was inconclusive because it was directly contradicted by the express language of Citibank's CD stating that, in order to withdraw the entire balance, the CD must be surrendered to Citibank. Absent explicit evidence that Katzman's CD was paid to her husband or her in the way described by the operations manager, this conflicting evidence of Citibank's own making concerning the way Citibank pays its CDs creates a genuine issue of material fact. Weighing that evidence is not the function of the court as it considers the summary judgment motion.

Although Katzman's only record evidence was, in essence, the CD itself, it was Citibank's burden to demonstrate that no genuine issues of material fact existed with respect to that CD, the authenticity of which does not appear to be disputed by Citibank. In light of the CD's express language that the CD had to be surrendered to Citibank in order to withdraw the entire balance, Citibank's statement that "[s]uch was not necessarily the case" does not establish conclusively that the relevant account had been paid out; rather, it creates a genuine issue of material fact entitling Katzman to have a jury decide how much weight, if any, to give to that evidence and what inferences, if any, to draw from that evidence at trial.

We hold that Citibank failed to sustain its burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Thus, the judgment of the district court is REVERSED and the case is REMANDED for further proceedings.