WILSONj J.,
dissenting:
¶ 34; I agree with Judge Ishee’s analysis and conclusion that the chancery court properly granted summary judgment in favor of Regions because there is no genuine issue of material fact. I write separately only to make a few brief points that I believe support this conclusion.
¶35. First, while it is true that this appeal involves a set of facts not previously addressed by a Mississippi • appellate court, and while courts in, other states have resolved similar cases with opinions that we could look to for guidance, this appeal ultimately turns on a relatively straightforward application of Mississippi precedent and Rule 56 of the Mississippi Rules of Civil Procedure. The CD at issue in this case could be redeemed by any one of the four named payees, without the others’ consent, “upon presentation and surrender” of the CD to the bank. ..Under Mississippi law, this language gave the bank a right to condition payment on presentment of the original certificate,[6] but it did not obligate the baiik to require presentment.[7] That is, while it gave the bank the option *992 to require presentment, it did not prohibit the bank from making payment to a named payee who was unable to produce the original certifícate.
¶ 36. Thus, even absent presentment and surrender, the bank could lawfully make payment to a named payee other than English, meaning that summary judgment was proper if there was no “genuine issue of material fact” or “conflicting evidence for trial” as to whether the bank had already made payment.[8] The bank came forward with evidence that it had. Specifically, the bank presented competent evidence that pursuant to its document retention policies, which comply with applicable law,[9] it would have a record of the CD if it had not been redeemed previously. The absence of such a record is therefore evidence that it had been redeemed. Once the bank came forward with this evidence, it was incumbent upon English to point to some contrary evidence sufficient to create a genuine issue of material fact that would require a trial. See, e.g., Commercial Bank v. Hearn, 923 So.2d 202, 210 (1125) (Miss.2006). The original certificate cannot provide such evidence because, as discussed just above, the bank had the legal option of redeeming the CD without presentment and surrender. The original certificate proves nothing other than that a right to payment once existed; it is not evidence that another payee has not exercised that right. Without evidence to support it, English’s claim that a right of payment still exists amounts to nothing more than unsupported speculation in the face of actual evidence to the contrary. Such speculation is not sufficient to defeat summary judgment. Adams v. Cinemark USA Inc., 831 So.2d 1156, 1161 (¶ 19) (Miss.2002); Frazier v. McDonald’s Restaurants of Miss. Inc., 102 So.3d 341, 345 (¶ 23) (Miss.Ct.App.2012). Nor is the majority’s suggestion that the bank’s evidence could be disbelieved a basis for denying summary judgment, for a plaintiff cannot avoid summary judgment merely by asserting that a fact-finder might disbelieve the evidence that the defendant has presented. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256-57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
¶ 37. The majority does not address Epperson or Ravenstein but instead reverses summary judgment based on the reasoning of a non-precedential Erie guess about New York law. Katzman v. Citibank, 298 Fed.Appx. 81 (2d Cir.2008) (summary order). However, whatever its value as a prediction of New York law, Katzman is not persuasive under Mississippi law. This is because, as the majority emphasizes, Katzman reversed summary judgment based solely on language in the CD making presentment and surrender a condition of payment. See id. at 83-84. This is insufficient to create a triable issue of fact under Mississippi law because, as discussed above, Ravenstein holds that such language imposes no legal obligation on the bank. Thus, under Mississippi law, mere possession of an original certificate containing such language is not evidence *993 that payment has not been made but only that a right to payment once existed. Because Katzmcm ⅛ reasoning is inconsistent with Ravenstein’s holding, it is not persuasive.[10]
¶ 38. Finally, I note that Regions also moved for summary judgment based on laches and the statute of limitations, the chancery court appears to have granted summary judgment on both grounds, and both issues were briefed on appeal. These issues are not addressed in the majority opinion but are apparently resolved against Regions by implication.
¶ 39. I submit that the chancery court properly granted summary judgment because there is no conflicting evidence for trial. Because the majority concludes otherwise, I respectfully dissent.
GRIFFIS, P.J., AND MAXWELL, J., JOIN THIS OPINION. ISHEE, J., JOINS THIS OPINION IN PART.

. See Epperson v. SOUTHBank, 93 So.3d 10, 20 (¶ 31) (Miss.2012).

. See Ravenstein v. Cmty. Trust Bank, 141 So.3d 396, 402 (¶ 21) (Miss.Ct.App.2013), cert. granted, 132 So.3d 579 (Miss.2014), cert. dismissed, No.2012-CT-00659 (Miss. June 26, 2014) (en banc order).

. M.R.C.P. 56(c); Laurel Yamaha Inc. v. Freeman, 956 So.2d 897, 906 (¶36) (Miss.2007) (‘‘[I]t is our duty to determine if there is conflicting evidence for trial.” (quoting Estate of Johnson v. Chatelain, 943 So.2d 684, 687 (¶ 8) (Miss.2006))); see also Glover ex rel. Glover v. Jackson State Univ., 968 So.2d 1267, 1274 (¶ 19) (Miss.2007) ("If one is to faithfully apply the Rule's requirements to a particular case, the inescapable conclusion follows that the court must grant summary judgment unless ... the record demonstrates at least the minimum quantum of evidence sufficient to justify a determination in favor of the non-moving party by a reasonable juror.” (footnote omitted)).

. See Miss.Code Ann. § 81-5-7 (Rev.2001); Miss. Admin. Code§ 5-1; 1.1.5.

. English herself recognizes in her reply brief that Ravenstein spells trouble for her case, arguing that the majority opinion in Ravenstein “is erroneous” and that we "should ... adoptf]” the analysis of the Rav-enstein dissent.