931 So.2d 692 (2006)
Georgina ROD, Appellant Cross-Appellee
v.
HOME DEPOT USA, INC., Appellee Cross-Appellant.
No. 2004-CA-02018-COA.
Court of Appeals of Mississippi.
June 13, 2006.
Harry B. Ward, Attorney for Appellant.
*693 Dorrance Dee Aultman, Hattiesburg, Attorney for Appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Georgina Rod filed a complaint for damages against Home Depot USA, Inc. (Home Depot), asserting that she sustained injuries during a fall in the store, which was caused by a dangerous and hazardous condition created by Home Depot. The Circuit Court of Harrison County granted Home Depot's subsequent motion for summary judgment. Aggrieved, Rod appeals. She asserts the following issues for this Court's review: (1) the trial court erred in granting summary judgment because there were issues of fact on the location and condition of the display that caused the fall; (2) Home Depot created an unreasonable dangerous condition; (3) Home Depot breached its duty to Rod, an invitee; (4) the doctrine of "open and obvious" should not be a complete defense to defeat Rod's action, but used instead as a consideration in comparative negligence formula. On cross-appeal, Home Depot asserts that the trial court erred in failing to strike Rod's affidavit. Finding no error, we affirm as to both the appeal and the cross-appeal.

FACTS
¶ 2. On August 15, 2000, Rod and her late husband entered the Home Depot store located in Gulfport, Mississippi. Rod was familiar with that Home Depot, as she had been there on several occasions to buy plants. Once she entered the store, Rod began walking toward the plant section when she suddenly fell down. On December 11, 2002, Rod filed suit against Home Depot in the Circuit Court of Harrison County.
¶ 3. Rod, an elderly woman originally from Cuba, speaks and writes very little English. During her deposition, Rod explained (through an interpreter) that a pallet or wood piece may have caused her to slip and/or trip. After extensive questioning by counsel for both parties, however, she admitted that she did not know what caused her to slip and/or trip. Rod stated that an object, possibly a display caused her fall, but that she could not say whether it was wood, steel or any other type of material.
¶ 4. On April 29, 2004, Home Depot filed a motion for summary judgment. Rod filed a motion in opposition to summary judgment on June 29, 2004, and on July 12, 2004, she filed a supplemental motion in opposition to summary judgment. Rod attached an affidavit to the latter motion, stating that she vaguely remembers the accident, but that she tripped on a display and fell. She further stated that she could not recall if the display had merchandise on it, or whether it had wheels.
¶ 5. On July 14, 2004, Home Depot filed a motion to strike Rod's supplemental motion in opposition to summary judgment and affidavit. The circuit court heard oral argument from both of the parties, and on August 4, 2004, the court entered a judgment granting Home Depot's motion for summary judgment and its motion to strike. The court reconsidered the motion to strike, however, and concluded that it had no practical effect on the court's determination of the motion for summary judgment, and that it presented no actual controversy upon which a ruling was necessary. Thus, the circuit court entered an amended order on September 7, 2004, denying Home Depot's motion to strike as moot.
¶ 6. Aggrieved by the court's decision, Rod filed a notice of appeal on October 4, 2004. On October 14, 2004, Home Depot *694 filed a notice of cross-appeal. Finding no error, we affirm on direct and cross-appeal.

ISSUES AND ANALYSIS

I. Whether the trial court erred in granting summary judgment to Home Depot where there were issues of fact on the location and condition of the display that caused the fall.

II. Whether Home Depot created an unreasonable dangerous condition.

III. Whether Home Depot breached its duty to Rod, an invitee.
¶ 7. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Circus Mississippi, Inc., 908 So.2d 181, 183(¶ 4) (Miss.Ct.App.2005) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136(¶ 19) (Miss.1998)). The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Id. (citing Dailey v. Methodist Medical Center, 790 So.2d 903, 906-07(¶ 3) (Miss. Ct.App.2001)). Pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." The evidence must be viewed in the light most favorable to the non-moving party. Jacox, 908 So.2d at 184(¶ 4) (citing Dailey, 790 So.2d at 907(¶ 3)).
¶ 8. Rod contends that genuine issues of material fact existed in this case because the following facts were not known: (1) what object caused her to trip and fall; (2) whether the object that caused her to trip and fall constituted a dangerous condition; (3) whether she had actual or constructive knowledge of the dangerous condition. Rod further contends that if summary judgment was appropriate because she cannot specifically identify the object that caused her to fall, then Mississippi should abolish its wrongful death statute, as a dead plaintiff has never identified the cause of his or her own death.
¶ 9. In determining premises liability, Mississippi employs a three-step process. Leffler v. Sharp, 891 So.2d 152, 156(¶ 10) (Miss.2004) (citing Massey v. Tingle, 867 So.2d 235, 239(¶ 12) (Miss. 2004)). First, we must determine whether the injured party was an invitee, licensee, or a trespasser at the time of the injury. Id. Next, we must determine what duty was owed to the injured party by the business owner/operator. Id. Finally, we must determine whether that duty was breached. Id.
¶ 10. In the case sub judice, it is undisputed that Rod was a business invitee, as she entered Home Depot "in answer to the express or implied invitation of the owner or occupant for their mutual advantage." Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1003(¶ 9) (Miss.2001) (citing Lucas v. Buddy Jones Ford Lincoln Mercury, Inc., 518 So.2d 646, 647 (Miss.1988)). A business owner/operator owes to invitees the "duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." Leffler, 891 So.2d at 157(¶ 12) (quoting Massey, 867 So.2d at 239(¶ 13)). A plaintiff in a slip-and-fall case must prove one of the following in order to recover: (1) a negligent act of the defendant caused her injury; (2) the defendant had actual knowledge of the dangerous condition, but failed to warn the plaintiff; or (3) the defendant should have known about the dangerous condition, in that the dangerous condition existed for a *695 sufficient amount of time to impute constructive knowledge to the defendant. Byrne v. Wal-Mart Stores, Inc., 877 So.2d 462, 465(¶ 5) (Miss.Ct.App.2004) (citing Downs v. Choo, 656 So.2d 84, 86 (Miss. 1995)).
¶ 11. In Byrne, the plaintiff was injured when she slipped on an unidentified substance, thought to be a cookie, while shopping in Wal-Mart. Id. at 464(¶ 1). The plaintiff stated during deposition that she did not know how long the cookie had been on the floor, or how it came to be there. Id. at 465(¶ 7). She also stated that she did not take a good look to see what object actually caused her to fall. Id. at 466(¶ 9). This Court determined that the plaintiff did not offer sufficient proof that the object which caused her injury was the result of an affirmative act by Wal-Mart, or that Wal-Mart had actual or constructive knowledge of the cookie's presence on the floor. Id. at 465-66 (¶¶ 7-9). Consequently, this Court held that the trial court did not err in granting summary judgment. Id.
¶ 12. In order to survive the motion for summary judgment, Rod needed to provide evidence that a negligent act of Home Depot caused her injury because "the basis of liability is negligence and not injury." Id. at 465(¶ 6) (citing Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916, 917 (Miss.1966)). Merely the fact that Rod fell while in Home Depot is not adequate proof of Home Depot's negligence, as "proof merely of the occurrence of a fall on a floor within business premises is insufficient to show negligence on the part of the proprietor." Id. A business owner/operator is not the insurer of the invitee's safety. Leffler, 891 So.2d at 157(¶ 12) (quoting Massey, 867 So.2d at 239(¶ 13)).
¶ 13. Similar to the plaintiff in Byrne, Rod offered insufficient evidence that Home Depot breached its duty of care. Rod repeatedly stated during her deposition that she could not remember what caused her to fall. She initially claimed during deposition that a pallet or wood piece may have caused her to slip and/or trip, however, she later admitted, after extensive questioning by counsel for both parties, that she did not know what caused her to fall. Thus, Rod offered no proof that her injury was the result of an affirmative act of negligence by Home Depot, or that Home Depot had actual or constructive knowledge of a dangerous condition on the floor. Accordingly, we find that the trial court committed no error by granting Home Depot's motion for summary judgment. This issue is without merit.

IV. The doctrine of "open and obvious" should not be a complete defense to defeat Rod's action, but used instead as a consideration in comparative negligence formula.
¶ 14. The trial court did not address an open and obvious defense in granting Home Depot's motion for summary judgment. Instead, the trial court found that there was no evidence of any defect or dangerous condition on the premises which would have caused Rod's injury. The trial court further determined that Rod's "speculation as to what caused the accident [could] not supply the factual support necessary to show that the [Rod] would be able to meet her evidentiary burden at trial." As stated previously, we agree. Therefore, this issue is without merit.

V. Whether the trial court erred in failing to strike Rod's affidavit.
¶ 15. Regarding the motion to strike, the trial court initially determined that the affidavit was not timely filed in response to Home Depot's motion for summary judgment, pursuant to Rule 4.03(2)(3) of the Uniform Circuit and County Court Rules, which dictates that a respondent *696 must reply to a movant's motion within ten days after service of the memorandum. Rod filed her affidavit on July 12, 2004, which was more than two months after Home Depot filed its motion for summary judgment. The trial court further determined that Rod's affidavit failed to meet the form required by Rule 56(e) of the Mississippi Rules of Civil Procedure, which requires that the affiant be competent to testify, because the affidavit was written in English, it contained no interpreter's certificate, and it stated that Rod "[does] not speak English fluently; and, that some English words do not have the same meaning, when they are translated into [her] native tongue." Finally, the trial court determined that the affidavit should be stricken because it was merely an attempt by Rod to change her deposition testimony.
¶ 16. When the trial court reconsidered the motion to strike, it concluded that the affidavit had no practical effect on the court's determination of the motion for summary judgment. Consequently, the trial court determined that the affidavit presented no actual controversy upon which a ruling was necessary. Thus, the trial court entered an amended order on September 7, 2004, denying Home Depot's motion to strike as moot. Home Depot argues on cross-appeal that the affidavit should have been stricken for the following reasons: (1) the affidavit failed to contain the phrase that is was based upon personal knowledge; (2) there was no interpreter's certificate accompanying the affidavit; and (3) the affidavit was made in bad faith.
¶ 17. Although Rod stated in her affidavit that she tripped on a pallet and fell to the floor, she testified on numerous occasions during her deposition that she did not remember what caused her to fall. It is well-established that a "nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony." Coleman v. Smith, 914 So.2d 807, 813(¶ 15) (Miss.Ct.App.2005) (quoting Foldes v. Hancock Bank, 554 So.2d 319, 321 (Miss.1989)). Rod's affidavit directly contradicts her deposition testimony. Consequently, we agree with the trial court's ruling that Home Depot's motion to strike was moot, as Rod's affidavit had no practical effect on its determination of the motion for summary judgment. Therefore, we find this assignment of error to be without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED ON BOTH THE DIRECT APPEAL AND CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT/CROSS-APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR.