GRIFFIS, P. J„
for the Court:
¶ 1. This case reviews a summary judgment granted in a premises-liability case. Doris Frazier slipped and fell in a McDonald’s restaurant. On appeal, Frazier argues that there are genuine issues of material fact as to: (1) the unreasonableness of the danger, and (2) the adequacy of McDonald’s warning of the conditions. We find no error and affirm.
FACTS
¶ 2. On February 8, 2007, Frazier fell in a McDonald’s restaurant in D’Iberville, Mississippi. She was seventy-six years old. Video surveillance recorded what happened both before and after Frazier’s fall.
¶ 8. Before Frazier’s fall, a McDonald’s employee placed a sign at the beginning of an area where she began to mop. The employee wiped the floor with only the mop. No mop bucket was within view. The employee quickly ran the mop over the area and placed a second sign at the end of the mopped area. The signs occupied spots at the two areas of access to the mopped floor.
¶ 4. Thereafter, the employee walked back over the mopped floor and did not fall. At separate times, a man and a young girl walked over the mopped floor and did not fall. While the young girl refilled her drink in the mopped area, Frazier walked past the first warning sign. Frazier carried a tray of food. She crossed almost the entire mopped area. A young boy entered the area from in front of Frazier. Then, Frazier fell onto the second warning sign as she turned to enter the dining area. At least three more people crossed the mopped area to assist Frazier. They did not fall.
¶ 5. On September 11, 2009, Frazier filed her complaint against McDonald’s Restaurants of Mississippi Inc., the owner of the restaurant. Frazier’s complaint alleged that the floor was greasy and caused her to slip and fall. Frazier claimed she was entitled to damages for her complaints of a persistent headache, disk herniation, and significant neck, arm, and hip pain. She alleged that McDonald’s failed to keep the premises in a reasonably safe condition and failed to warn of dangerous conditions that were not readily apparent.
¶ 6. On February 25, 2011, McDonald’s filed a motion for summary judgment. The circuit court granted the motion and found that McDonald’s performed its duty *343 to warn by its placement of signs. The circuit court found that Frazier produced no evidence that the signs were hidden or inadequate. It is from this summary judgment that Frazier now appeals.
ANALYSIS
¶ 7. We review a circuit court’s grant of summary judgment de novo. Pigg v. Express Hotel Partners, 991 So.2d 1197, 1199 (¶ 4) (Miss.2008) (citation omitted). “The existence of a genuine issue of material fact will preclude summary judgment.” Id. (citation omitted). Frazier must have set forth specific facts beyond the mere allegations in her pleadings. Id. (citation omitted).
¶ 8. To prove that the circuit court should not have granted McDonald’s motion for summary judgment, Frazier had to demonstrate that a genuine issue of material fact existed in regard to: (1) McDonald’s duty, (2) McDonald’s breach of that duty, (8) proximate causation, and (4) damages.
¶ 9. The analysis of a premises-liability claim involves three steps:
first, the court must determine the status of the injured party as invitee, licensee, or trespasser; second, based on the injured’s status, the court must determine what duty the landowner/business operator owed the injured party; and third, the court must determine whether the landowner/business operator breached the duty owed the injured party.
Thomas v. Columbia Group, LLC, 969 So.2d 849, 852 (¶ 11) (Miss.2007) (citation omitted).
¶ 10. The duty McDonald’s owed to Frazier depends on whether Frazier was a licensee, invitee, or a trespasser. This status can be a jury question, except it becomes a question of law where the facts are not in dispute. Magnusen v. Pine Belt Inv. Corp., 963 So.2d 1279, 1282 (¶ 11) (Miss.Ct.App.2007) (citation omitted). Here, there is no factual dispute that Frazier was on McDonald’s premises as a dine-in customer. Thus, Frazier was an invitee. An invitee is one who enters the premises “as a result of an express or implied invitation of the owner or occupant for their mutual advantage.” Id.
¶ 11. A business owner owes an invitee the duty “to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view.” Mayfield v. The Hairbender, 903 So.2d 733, 737 (¶ 20) (Miss.2005) (footnote and citation omitted). The duties are separate and must be analyzed separately. Id. at 738 (¶20). The business owner is “not an insurer against all injuries.” Vaughn v. Ambrosino, 883 So.2d 1167, 1170 (¶ 11) (Miss.2004) (citation omitted).
¶ 12. McDonald’s attached to its motion for summary judgment the video surveillance, an affidavit from Diana Beck, McDonald’s manager, and Frazier’s deposition. The manager stated she had personal knowledge, as she was on duty at the time of the incident, and the video was accurate. The manager stated an employee placed two wet-floor signs in the area of Frazier’s fall. The manager stated that McDonald’s had two separate mops, one for the lobby and one for the kitchen. The routine was to use hot water or floor-care cleaner in the lobby, the area of the fall. The manager could not tell from the video which procedure was used. The manager stated it was not McDonald’s practice to mop the lobby floor with the kitchen mop.
¶ 13. Frazier attached the video and her deposition to her response to McDonald’s motion for summary judgment. The following is what Frazier stated at her deposition. In 1997, Frazier owned a res *344 taurant in D’Iberville, Dee’s Diner, for a little over a year. In 2001, Frazier also had slipped and fallen when she came out of a liquor store. She received eight stitches. She has had no accidents since the McDonald’s fall.
¶ 14. She stated she had been to that McDonald’s “thousands of times” but did not know any of the employees by face or name. She testified that she did not know where the coffee went that she had on her tray before the fall, but no one was burned with any coffee. She stated she did not see any substance on the floor. She stated that she did not notice it was slippery until she fell. She testified that she did not have trouble walking across the mopped area and did not feel anything when she walked in the mopped area until after she fell. She was not aware before viewing the video that the floor had been mopped. She stated she slid across the floor and hit a booth. She stated that it was “like walking on glass, [and she had] never seen anything so greasy and so — like that, so slippery in [her] life.”
¶ 15. She saved the clothes she wore that day, and they appeared to have a substance on them. But she could not say the clothes definitely had grease on them. She testified she saved them “to prove that it was grease that [she] fell in.” In her telephone statement to Gallagher Bassett, a property/casualty third-party administrator, she stated the floor had been mopped, and the mop had grease on it. In her deposition, she said she would not have known the mop had grease on it. She testified, “I used to own a restaurante] [T]hey evidently didn’t use degreaser when they mopped these floors[,] and they should.” She stated, “It might have been the mop they use in the kitchen because one is black and one is white.” She stated, “I’ve been in this restaurant for a lot of times[,] and I know they do do it.” Frazier clarified that she did not know for a fact which mop was used or if the floor was mopped at all.
¶ 16. She stated she only put her hand down once on the floor and said to herself “that’s f* * * * * grease.” She did not get the sample on her clothes tested.
¶ 17. She saw the first wet-floor sign but not the second. She stated she guessed she “wasn’t paying attention.” In her deposition, she also stated that no one came toward her at all around the time of the fall and that there was “nobody moving around.”
¶ 18. She stated only her head ached immediately after the fall. At first, she stated that before her fall she had osteoporosis and shoulder problems. When counsel sought clarification, Frazier could not remember what the doctor had told her exactly or when. One doctor had told her that her hip was worn out. She had a crushed vertebrae that needed surgery; but she did not hurt there, so she refused surgery. Her mid-back hurt. In 1993, she had back surgery, and she had surgery again after the fall at McDonald’s.
¶ 19. She stated that the surgery made her pain worse. Since the fall, she cannot clean, bicycle, dance without taking pills, or garden. She stated she expected further surgery. Toward the end of her deposition, she stated, “I’ll swear to anybody anywhere anytime that it was grease because I know the difference.”
¶ 20. In her response to the motion for summary judgment, Frazier stated that it was in dispute whether the floor was greasy and whether McDonald’s had used a greasy mop.
¶ 21. “To rebut the defendant’s claim in the context of a motion for summary judgment, the plaintiff must produce significant and probative evidence demonstrating that the defendant breached the *345 applicable standard of care and that the breach was the proximate cause of his injuries.” Holt v. Summers, 942 So.2d 284, 287 (¶ 9) (Miss.Ct.App.2006) (citation omitted). A “genuine dispute” over a “material fact” exists when the evidence is such that a “reasonable jury could return a verdict for the nonmov[ant].” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
1122. The record does not reflect that Frazier came forth with “significant and probative evidence” to satisfy the existence of the conventional tort elements of duty, breach of duty, proximate causation, and injury.
¶ 28. Frazier’s bare statements about the “feel” of the floor are insufficient, standing alone, to insulate Frazier from a summary judgment. Frazier’s allegations that the floor was greasy or that a greasy/black mop had been used are unsupported speculation and are not sufficient to defeat summary judgment.
¶ 24. Frazier did not show any genuine issues of material fact that McDonald’s failed to keep its premises reasonably safe. McDonald’s had taken reasonable care when it mopped. Periodic mopping of a heavy-traffic, drink-dispenser area is a necessary and reasonable precaution by a restaurant. Others did not fall when they walked over the same area before and after Frazier’s fall. Placement of warning signs was also reasonable care.
¶ 25. McDonald’s also had a duty to warn of hidden dangers, such as a freshly mopped floor. McDonald’s complied with its duty to warn by the placement of signs at each end of the mopped area. Frazier walked around the first sign and fell on the second sign. The video in the record, attached to the motion for summary judgment and the response, clearly showed the presence of the signs and Frazier’s walk by the first sign toward the second sign. She produced no “significant and probative evidence” that the signs were hidden or inadequate. Furthermore, Frazier admitted that she saw the first sign when she entered the mopped area. An invitee, such as Frazier, “is required to use in the interest of h[er] own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstances.” Gen. Tire & Rubber Co. v. Darnell, 221 So.2d 104,107 (Miss.1969).
¶ 26. The two signs were an adequate warning, and Frazier did not demonstrate otherwise with evidence beyond her pleadings. Frazier did not come forth with “significant and probative evidence” that the McDonald’s floor was greasy and that an employee used a greasy mop. At Frazier’s deposition, she first mentioned she had saved the clothes she wore the day of the fall, and she could not say that the clothes had grease on them. She stated she saved them “to prove that it was grease that [she] fell in.” However, she never had the clothes tested.
¶ 27. “[T]here must be some evidence of negligence given a jury before it can determine that a defendant is guilty of negligence.” J.C. Penney Co. v. Sumrall, 318 So.2d 829, 832 (Miss.1975). Furthermore, Mississippi Rule of Civil Procedure[1] “56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.” Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
*346 ¶ 28. In another slip-and-fall case, this Court affirmed the grant of summary judgment. Rod v. Home Depot USA, Inc., 931 So.2d 692, 698 (¶ 1) (Miss.Ct.App.2006). There, the plaintiff was an elderly woman like Frazier, and we also deemed her an invitee. Id. at (¶ 3), 694 (¶ 10). In the plaintiffs deposition, she emphasized that a pallet may have caused her fall. Id. at 693 (¶ 3). This is similar to Frazier’s deposition, where she stated, “I know for a fact that that floor was greasy.” In Rod, the plaintiff, upon further questioning, admitted that she did not know what caused her to fall. Id, The plaintiff could not identify the type of material that caused her to fall. Id. This is similar to Frazier, who could not identify the substance on which she slipped. In Frazier’s deposition, she also stated that she did not know for a fact that the floor was mopped with a greasy mop. Here, the support for the grant of summary judgment is stronger than in Rod because in Rod there were no warning signs.
¶29. Frazier’s speculation as to what caused the accident could not supply the factual support necessary to show a genuine issue of material fact. We affirm the circuit court’s grant of summary judgment in McDonald’s favor.
¶ 30. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MAXWELL AND FAIR, JJ., NOT PARTICIPATING.

. Mississippi Rule of Civil Procedure 56 is similar to its federal counterpart.