LEE, C.J.,
for the Court:
¶ 1. In this premises-liability case, we must determine whether summary judgment was appropriate. Finding no error, we affirm.
PROCEDURAL HISTORY
¶ 2. On March 8, 2011, Emmett Mickens filed suit in the Lowndes County Circuit Court against Wal-Mart Stores LP alleging negligence. Mickens sustained injuries after a bottle of bleach leaked onto his lap. Wal-Mart ultimately filed a motion for summary judgment. After a hearing, the trial court granted Wal-Mart’s motion for summary judgment.
FACTS
¶ 3. On September 4, 2010, Mickens entered the Wal-Mart in Columbus, Mississippi, and placed a shopping basket on his lap to hold his purchases. Mickens was paralyzed from the waist down and had been confined to a wheelchair since 1967. Upon reaching the check-out counter, *893 Mickens realized he forgot to purchase a bottle of bleach. Mickens retrieved a bottle of bleach and placed it in his lap as he returned to the check-out counter. When Mickens handed the bottle of bleach to the cashier, the cashier noticed the bottle was leaking and retrieved another bottle for Mickens. Mickens then noticed his pants were wet with bleach. Mickens sustained chemical burns on his thigh and knee.
STANDARD OF REVIEW
¶ 4. In considering a trial court’s grant of a motion for summary judgment, this Court conducts a de novo review and “examines all the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” City of Jackson v. Sutton, 797 So.2d 977, 979 (¶ 7) (Miss.2001) (citations omitted). The moving party has the burden of demonstrating that no genuine issue of material fact exists, and the nonmoving party must be given the benefit of the doubt concerning the existence of a material fact. Id. “If no genuine issue of material fact exists and the moving party is entitled to [a] judgment as a matter of law, summary judgment should be entered in that party’s favor.” Monsanto Co. v. Hall, 912 So.2d 134, 136 (¶ 5) (Miss.2005).
DISCUSSION
¶ 5. In his only issue on appeal, Mickens contends the trial court erred in granting summary judgment in favor of Wal-Mart.
¶ 6. Mississippi uses a three-step process in analyzing premises liability: “First, we must determine whether the injured party was an invitee, licensee, or a trespasser at the time of the injury. Next, we must determine what duty was owed to the injured party by the business owner/operator. Finally, we must determine whether that duty was breached.” Rod v. Home Depot USA, Inc., 931 So.2d 692, 694 (¶ 9) (Miss.Ct.App.2006) (internal citations omitted).
¶ 7. It is undisputed that Mickens was a business invitee because he entered Wal-Mart “in answer to the express or implied invitation of the owner or occupant for their mutual advantage.” Id. at (¶ 10) (citation omitted). “A business owner/operator owes to invitees the ‘duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view.’ ” Id. (citation omitted).
¶ 8. To succeed in his premises-liability action, Mickens must prove one of the following: “(1) a negligent act by [Wal-Mart] caused [his] injury; or, (2) that [Wal-Mart] had actual knowledge of a dangerous condition, but failed to warn [him] of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to [Wal-Mart].” Byrne v. Wal-Mart Stores, Inc., 877 So.2d 462, 465 (¶ 5) (Miss.Ct.App.2003) (citation omitted). “However, the store owner is not an insurer of business invitees’ injuries.” Id. at (¶ 6).
¶ 9. Under the first theory of recovery, we find Mickens has failed to prove a negligent act by Wal-Mart caused his injury. Mickens had no knowledge of what caused the bottle of bleach to leak or how long the bottle had been sitting on the display. Mickens simply stated it was “possible [Wal-Mart] could cause it to leak.” Mickens also admittedly had no physical evidence to support his negligence theory. There is nothing in the record to indicate that a negligent act of Wal-Mart or its employees caused Mickens’s injuries.
¶ 10. Under the second theory of recovery, we find Mickens has failed to prove that Wal-Mart had actual knowl *894 edge of the dangerous condition but failed to warn him of the danger. Miekens was unable to show that any employees had actual knowledge that the bottle of bleach was leaking. There was no testimony the employees knew the bottle was leaking until the bleach was already on Mickens’s lap. Miekens admittedly never smelled bleach or noticed the bottle was wet until the cashier began to scan the bottle at the check-out counter.
¶ 11. Under the third theory of recovery, we find Miekens has failed to prove that the dangerous condition remained long enough to impute constructive knowledge to Wal-Mart. Furthermore, Miekens failed to “present specific proof as to the relevant actual length of time.” Almond v. Flying J Gas Co., 957 So.2d 437, 439 (¶ 8) (Miss.Ct.App.2007) (citation omitted). As previously stated, Miekens did not notice the bottle of bleach was wet when he picked it up. Miekens also did not notice if the display where the bottle was sitting was wet.[1]
¶ 12. We find Miekens has failed to show a genuine issue of material fact as to Wal-Mart’s alleged negligence. Therefore, we find the trial court’s decision to grant summary judgment in favor of Wal-Mart was proper.
¶ 13. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Wal-Mart produced DVD footage of the display area, which shows Miekens approach the display, handle several bottles of bleach, and move away from the display without placing any bleach in his shopping basket. Approximately fifteen minutes later, Miekens returned to the display, handled several bottles of bleach, picked up one bottle, and placed this bottle in his shopping basket. However, it is unclear from the record if the video was properly admitted or if the trial court viewed this video in reaching its decision.