LEE, C.J.,
for the Court:
¶ 1. In this premises-liability case, we must decide whether the trial court erred in granting summary judgment in favor of Imperial Palace (IP).
PROCEDURAL HISTORY
¶ 2. Rhoda Cofield was visiting the IP casino in Biloxi, Mississippi, on September 13, 2008, when she slipped and fell in the lobby near the elevators. Cofield was walking toward an open elevator when, she claims, she slipped in a puddle of an undetermined liquid. Cofield filed her negligence action against IP in the Harrison County Circuit Court. IP ultimately moved for summary judgment. After a hearing on the matter, the trial court granted IP’s motion for summary judgment. Cofield now appeals, asserting the trial court erred in granting summary judgment in favor of IP.
STANDARD OF REVIEW
¶ 3. In considering a trial court’s grant of a motion for summary judgment, this Court conducts a de novo review and “examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” City of Jackson v. Sutton, 797 So.2d 977, 979 (¶7) (Miss.2001) (citation omitted). The Mississippi Supreme Court recently clarified the summary-judgment standard, explaining that “[t]he movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law.” Karpinsky v. American Nat’l Ins. Co., 109 So.3d 84, 88 (¶ 11) (Miss.2013) (citation omitted). The supreme court further stated that “[t]he movant bears the burden of production, if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [he] would bear the burden of proof at trial.” Id. at 88-89 (¶ 11) (citations omitted). Specifically, in premises-liability cases, “Mississippi law further requires that when a dangerous condition exists that was ‘created by someone not associated with the business, the plaintiff must produce evidence that the owner or operator had actual or constructive knowledge of the dangerous condition as well as a sufficient opportunity to correct it.’ ” Id. at (¶ 12) (quoting Miller v. R.B. Wall Oil Co., 970 So.2d 127, 132 (¶ 17) (Miss.2007).) The supreme court again clarified that “while [defendants carry the initial burden of persuading the trial judge that no issue of material fact exists and that they are entitled to summary judgment based upon the established facts, [the plaintiff] carries the burden of producing sufficient *366 evidence of the essential elements of her claim at the summary-judgment stage, as she would carry the burden of production at trial.” Id. at (¶ 13).
DISCUSSION
¶ 4. Mississippi uses a three-step process in analyzing premises liability: “First, we must determine whether the injured party was an invitee, licensee, or a trespasser at the time of the injury. Next, we must determine what duty was owed to the injured party by the business owner/operator. Finally, we must determine whether that duty was breached.” Rod v. Home Depot USA Inc., 931 So.2d 692, 694 (¶ 9) (Miss.Ct.App.2006) (internal citations omitted).
¶5. It is undisputed that Cofield was a business invitee because she entered IP “in answer to the express or implied invitation of the owner or occupant for their mutual advantage.” Id. at (¶ 10) (citation omitted). “A business owner/operator owes to invitees the duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view.” Id. (citation and internal quotation marks omitted).
¶ 6. To succeed in her premises-liability action, Cofield must prove one of the following: “(1) a negligent act by [IP] caused [her] injury; or, (2) that [IP] had actual knowledge of a dangerous condition, but failed to warn [her] of the danger; or (3) the dangerous condition remained long enough to impute constructive knowledge to [IP].” Byrne v. Wal-Mart Stores Inc., 877 So.2d 462, 465 (¶ 5) (Miss.Ct.App.2003) (citation omitted). A business owner, however, is not an insurer of an invitee’s injuries. Id. at (¶ 6). Furthermore, mere proof “of the occurrence of a fall on a floor within [the] business premises is insufficient to show negligence on the part of the proprietor.” Id. (citation omitted).
¶ 7. Under the first theory of recovery, we find Cofield has failed to prove that a negligent act by IP caused her injury. Cofield had no knowledge of the source of the liquid or how long the liquid had been on the floor. Cofield also admittedly had no physical evidence to support her negligence theory. There is nothing in the record to indicate that a negligent act of IP or its employees caused Cofield’s injuries. Additionally, Juliette Murray, who was with Cofield at the time of her accident, did not see any liquid on Cofield’s shoes after Cofield fell. Murray had no knowledge regarding the existence of the liquid.
¶ 8. Cofield did offer an expert in the field of hospitality safety, Fred Del Marva, who testified that the liquid on the floor came from guests using the elevators to access IP’s pool or from IP’s employees using the elevators. However, this testimony from Del Marva is mere speculation and not based upon any evidence in the record. Julia Jones, IP’s assistant risk manager, testified she had no knowledge of any incidents involving liquid on the floor by the elevators in the year prior to Cofield’s fall.
¶ 9. Under the second theory of recovery, we find Cofield has failed to prove that IP had actual knowledge of the dangerous condition but failed to warn her of the danger. Cofield was unable to show that any employees had actual knowledge that the liquid was on the floor. Cofield admittedly was not looking down and did not see the liquid on the floor.
¶ 10. Under the third theory of recovery, we find Cofield has failed to prove that the dangerous condition remained long enough to impute constructive knowledge to IP. Furthermore, Cofield failed to “present specific proof as to the relevant actual length of time” that the hazard existed. Almond v. Flying J Gas Co., 957 So.2d 437, 439 (¶8) (Miss.Ct.App. *367 2007). As previously stated, neither Co-field nor Murray knew how long the liquid had been on the floor.
¶ 11. It is clear that Cofield has failed to meet her burden of proof. However, Cofield maintains this was due to IP’s decision not to preserve video evidence of the floor prior to her fall. Paul Dillon, the IP investigator who handled Cofield’s accident, saved the security footage of Cofield’s fall. The video clip begins twenty-six seconds before Cofield entered the lobby area, and it documents Cofield’s approach to the elevator and subsequent fall. Cofield cites to Thomas v. Isle of Capri Casino, 781 So.2d 125, 133 (¶ 37) (Miss.2001), for the proposition that “[w]hen evidence is lost or destroyed by one party ..., thus hindering the other party’s ability to prove his case, a presumption is raised that the missing evidence would have been unfavorable to the party responsible for its loss.” However, “for purposes of summary judgment, the destruction or spoliation of evidence, standing alone, is not enough to allow a party who has produced no evidence — or utterly inadequate evidence — in support of a given claim to survive summary judgment on that claim.” Bolden v. Murray, 97 So.3d 710, 718 (¶ 31) (Miss.Ct.App.2012) (citation and internal quotations marks omitted).
¶ 12. According to IP policy, security footage automatically records over itself every seven to ten days. And pursuant to IP internal procedures, security footage of Cofield’s accident was preserved. Dillon testified he decided how much of the footage to retain and did so prior to any notice of pending litigation. Although footage of Cofield’s accident was preserved, Cofield contends it was insufficient and that more footage should have been retained in order to determine how the liquid was deposited on the floor. However, the evidence shows IP followed its internal policies in retaining the appropriate security coverage of Cofield’s accident. Cofield offered no evidence to the contrary or any evidence that IP intentionally or negligently destroyed the security footage. We find no merit to this argument.
¶ 13. We find Cofield has failed to show a genuine issue of material fact as to IP’s alleged negligence. Therefore, we find the trial court’s decision to grant summary judgment in favor of IP was proper.
¶ 14. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.