ISHEE, J.,
for the Court:
¶ 1. This appeal arises from an October 22, 2010 order of the Circuit Court of Harrison County granting Michael Holle-man’s motion for partial summary judgment. Rebecca Ladner argues the trial court erred by granting partial summary judgment based on premises-liability law and by finding no genuine issue of material fact existed. We affirm the trial court’s grant of partial summary judgment, but we do so because Ladner failed to provide any evidence establishing a negligent act by Holleman proximately caused her injuries.
FACTS AND PROCEDURAL HISTORY
¶ 2. On June 12, 2005, Holleman invited Ladner to his home in Gulfport, Mississippi, for a bicycle ride. Holleman provided Ladner with a bicycle to use during the ride. After riding a short distance, Lad-ner fell off of the bicycle. The exact cause of the fall is in dispute. However, the issue of why she fell off of the bicycle is not relevant to our current inquiry. As a result of the fall, Ladner had abrasions on her left shoulder, left elbow, and left knee. Nonetheless, she was able to complete the twelve-mile ride despite her injuries.
¶ 3. Upon returning to Holleman’s house, Ladner entered the kitchen while Holleman retrieved some Neosporin, an antibacterial ointment. While Ladner was drinking a Diet Coke in the kitchen, Hollé- *657 man applied the Neosporin to her elbow and knee. Shortly after application of the Neosporin, Ladner experienced tingling and swelling of her lips, which spread to her fingertips. She also felt her throat begin to swell, and she was unable to swallow. Ladner asserts this was due to an allergic reaction to the Neosporin. She admitted to the use of Neosporin in the past, but she had never noticed an allergic reaction to the ointment.
¶ 4. Upon experiencing the symptoms of an allergic reaction, Ladner requested that an ambulance be called to the residence. Instead of calling an ambulance, Holleman suggested she lie down in the living room. Ladner then lay on Holleman’s living room floor while Holleman went to the store to purchase Benadryl, an anti-allergy medication. Upon his return, Ladner took the Benadryl and continued to lie on the floor for approximately two hours. Eventually, Holleman went to the bathroom and called for Ladner so that he could remove the remaining Neosporin. When Ladner attempted to stand, she fell and hit her head. Ladner has no memory of the fall or what caused her to fall. However, the fact that a fall did, in fact, occur is not in dispute.
¶ 5. After the fall, Ladner alleges she again asked for an ambulance, but no ambulance was called. Instead, Holleman helped Ladner to his bedroom, where she laid in his bed for a period of time. Lad-ner claims she requested an ambulance again but was refused. Ladner was able to leave Holleman’s residence later and drive home. She did not seek medical attention at that point, but subsequent medical treatment showed that Ladner suffered permanent loss of her sense of smell and taste.
¶ 6. On June 9, 2008, Ladner filed a complaint in the circuit court. She alleged negligence on the part of Holleman for her fall off of the bicycle and for his administration of aid. On April 9, 2010, Holleman filed a motion for partial summary judgment. He sought partial summary judgment on Ladner’s claims arising from the fall in his home. Holleman argued: (1) Ladner was a licensee at the time of her fall, and there was no evidence Holleman acted with willful or wanton disregard for her safety; (2) Ladner’s injuries were not reasonably foreseeable; (3) there is no duty to render aid, and, even if such a duty exists, Holleman was acting as a “Good Samaritan” and is immune from liability; and (4) there is no proof of proximate causation. At a hearing on September 30, 2010, the trial judge stated that the duty owed is the prime issue in this case and that issue is a matter of law. He stated: “[I]t’s either the issue — or rather the standard under the Good Samaritan Statute, or the standard that’s incumbent under the licensee provisions.” Ultimately, he held the case was a premises-liability action because the fall took place inside the residence. He granted Holleman’s motion for partial summary judgment based on the lack of evidence of any willful on wanton conduct on the part of Holleman. On October 22, 2010, the trial judge entered a Rule 54(b) final judgment dismissing with prejudice all claims arising from the fall in the home. From that ruling, Lander appeals.
DISCUSSION
¶ 7. The standard of review for a trial court’s grant of summary judgment is de novo. Doe v. Jameson Inn, Inc., 56 So.3d 549, 553 (¶ 8) (Miss.2011). Summary judgment is appropriate where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
*658 I. Applicable Duty of Care
¶ 8. On appeal, Ladner argues the trial court erred by granting partial summary judgment based on premises-liability law. She further argues the Good Samaritan Statute, found in Mississippi Code Annotated section 73-25-37 (Rev.2008), applies because Holleman voluntarily rendered aid and, when rendering aid, failed to exercise reasonable care. The statute states:
No duly licensed, practicing physician, physician assistant, dentist, registered nurse, licensed practical nurse, certified registered emergency medical technician, or any other person who, in good faith and in the exercise of reasonable care, renders emergency care to any injured person at the scene of an emergency ... shall be liable for any civil damages to the injured person as a result of any acts committed in good faith and in the exercise of reasonable care or omissions in good faith and in the exercise of reasonable care by such persons in rendering the emergency care to the injured person.
Miss.Code Ann. § 73-25-37(1).
¶ 9. Ladner asserts the applicable duty of care owed is good faith and reasonable care standard under the Good Samaritan Statute and not the duty of care owed to licensees in premises-liability actions to refrain from willfully or wantonly injuring them. She argues Holleman voluntarily rendered aid by applying the Neosporin; thus, he owed her a duty to exercise reasonable care when he rendered the aid. She alleges he failed to use reasonable care by refusing to call an ambulance after she requested for him to do so several times.
¶10. We find that the duty owed to Ladner could have been the applicable standard of care under either theory of liability. The trial court held this was a premises-liability action simply because the fall occurred on the premises. “[P]remises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner’s premises as a result of ‘conditions or activities’ on the land.” Jameson Inn, 56 So.3d at 553 (¶ 11) (quoting Black’s Law Dictionary 961 (7th ed. 2000)) (footnote omitted). Therefore, premises-liability law is only applicable when the injury is a result of conditions or activities on the premises, not based on the fact that the injury simply occurred on the premises. Although the application of Neosporin could technically be considered an activity on the premises, we are hesitant to apply the law of premises liability so broadly particularly when another theory of liability may apply. It is conceivable that the Good Samaritan Statute would govern in circumstances where a premises owner voluntarily renders aid to another person on his premises. Although uncertainty exists regarding the applicable standard of care owed to Ladner, summary judgment is still appropriate because Ladner failed to establish that Holleman’s negligence was the proximate cause of her injuries under either theory of liability.
II. Foreseeability of Injury
¶ 11. Lander also makes a brief argument regarding the foreseeability of her injuries. “Under Mississippi law, for a person to be liable for another person’s injury, the cause of an injury must be of such a character and done in such a situation that the actor should have reasonably anticipated some injury as a probable result.” Rein v. Benchmark Constr. Co., 865 So.2d 1134, 1144 (¶ 32) (Miss.2004) (citation omitted). Thus, some type of injury must be reasonably foreseeable for the negligent party to be held liable. Id. at 1145 (¶ 34).
¶ 12. As discussed above, Ladner has failed to provide any evidence that Hollé- *659 man’s negligence proximately caused her injuries. Because we do not know what negligence, if any, proximately caused her injuries, it is impossible to determine whether some injury was reasonably foreseeable as a result of Holleman’s actions. Accordingly, Ladner has not shown a genuine issue of material fact exists regarding foreseeability. This issue is without merit.
III. Proximate Causation
¶ 13. A negligence claim has four elements: duty, breach of duty, causation, and damages. Price v. Park Mgmt., Inc., 831 So.2d 550, 551 (¶ 5) (Miss.Ct.App.2002) (citing Carpenter v. Nobile, 620 So.2d 961, 964 (Miss.1993)). “To establish a prima facie case, [the plaintiff] must present sufficient evidence on all four elements of the claim to carry the burden of going forward.” Id.
¶ 14. In order to survive summary judgment, Ladner needed to show some evidence that Holleman’s breach of duty caused her injury. In Rod v. Home Depot USA, Inc., 931 So.2d 692 (Miss.Ct.App.2006), Georgina Rod fell in a Home Depot store and subsequently brought suit against the store alleging negligence. During questioning, Rod “admitted that she did not know what caused her to slip and/or trip.” Id. at 693 (¶ 3). The trial court granted summary judgment in favor of Home Depot. Id. at (¶ 5). On appeal, this Court held that Rod could not survive summary judgment without providing “evidence that a negligent act of Home Depot caused her injury because ‘the basis of liability is negligence and not injury.’ ” Id. at 695 (¶ 12) (quoting Byrne v. Wal-Mart Stores, Inc., 877 So.2d 462, 465 (¶ 6) (Miss.Ct.App.2004)). We further acknowledged that “[p]roof merely of the occurrence of a fall on a floor within business premises is insufficient to show negligence on the part of the proprietor.” Id. (quotation omitted). Because Rod failed to provide any evidence showing negligence on the part of Home Depot proximately caused her injuries, this Court affirmed the trial court’s grant of summary judgment. Id. at 694 (¶6).
¶ 15. Although Rod involved a premises-liability action of an individual whose status was that of an invitee, it is still analogous to the case at hand under either premises liability or the Good Samaritan Statute. Like the plaintiff in Rod, Ladner offered no evidence regarding the cause of her fall. In fact, Lander does not even know how she fell. The relevant section of Ladner’s deposition is as follows:
Q. ... And tell — tell us how it was that you fell. What happened?
A. I don’t recall other than trying to sit up. I sat up and — and I must have stood. I don’t know. I don’t recall.
Q. Your testimony is you do not know how it was you came to fall.
A. Exactly.
Q. Have you ever remembered? In other words, is it something that your memory comes and goes on what happened?
A. No. No.
Q. So you’ve never known what — how you fell?
A. No.
Ladner admitted she does not know what caused her fall. She also provided no evidence, medical or otherwise, to establish the cause of the fall. Ladner’s assertion that the fall was caused by an allergic reaction to the Neosporin is mere speculation. In fact, the fall could have been caused by a variety of different circumstances. Without knowing the reason she fell, it is impossible to determine whether Holleman’s negligence was the proximate cause of her injuries under any theory of liability. Therefore, even if Ladner estab *660 lished duty and breach of duty, her claim would ultimately fail because she did not provide any evidence to establish proximate causation.
¶ 16. Furthermore, even if the application of Neosporin caused Ladner to have an allergic reaction, there is no evidence that Holleman failed to exercise reasonable care in rendering aid. There was no reason for Holleman to suspect that Ladner would have an allergic reaction to the ointment; her testimony even establishes that she had previously used Neos-porin but never had an allergic reaction. Additionally, upon Ladner experiencing an allergic reaction, Holleman promptly went to the store and bought Benadryl in an attempt to alleviate the symptoms. Moreover, Ladner could have called an ambulance herself or left Holleman’s house to seek medical attention at any point. She also failed to seek medical attention after her fall when she drove herself home. Accordingly, there is no evidence to establish that even if Holleman proximately caused Ladner’s injuries, he did so by failing exercise reasonable care. For the foregoing reasons, we affirm the trial court’s grant of partial summary judgment.
¶ 17. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. RUSSELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING AND GRIFFIS, P.JJ.