# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00215-COA

**CONNIE HAWKINS, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF GEORGE LEITH HAWKINS, III, DECEASED**                              **APPELLANT**

**v.**

**HECK YEA QUARTER HORSES, LLC, WALLACE HECK D/B/A HECK YEA QUARTER HORSES, LLC AND BRUCE HORN**                              **APPELLEES**

DATE OF JUDGMENT:                  01/13/2016
TRIAL JUDGE:                       HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:         HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:            JOHN HUNTER STEVENS
ATTORNEYS FOR APPELLEES:           ROBERT P. THOMPSON
                                   PAUL PACIFIC BLAKE
NATURE OF THE CASE:                CIVIL - WRONGFUL DEATH
TRIAL COURT DISPOSITION:           GRANTED MOTION FOR SUMMARY JUDGMENT
DISPOSITION:                       AFFIRMED - 07/25/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Connie Hawkins ("Hawkins"), the widow of George Leith Hawkins III ("George"), filed a wrongful-death lawsuit in the Hinds County Circuit Court against Heck Yea Quarter Horses LLC ("Heck Yea"), Wallace Heck, and Bruce Horn individually. Heck Yea moved for summary judgment on the grounds that Hawkins failed to present a genuine issue of material fact, since Heck Yea offered first aid to George, and he refused the assistance. The

trial court granted Heck Yea's motion for summary judgment, finding that the good-samaritan statute applied to the matter. Hawkins now appeals. On appeal, Hawkins asserts that she presented a genuine issue of material fact that Heck Yea breached its duty of care to George and that the general principles of negligence should control because George was an invitee on Heck Yea's premises. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.	On June 19, 2013, sixty-one-year-old George Hawkins was hired as a temporary employee of Heck Yea to work on a fence-washing project. On his first day of work and, around lunch time, George began experiencing a heat stroke. According to Horn, George stated that he did not feel well. Horn asked George whether he wanted an ambulance called and he stated, "No. I'll be fine."

¶3.	George was taken to a barn in a tractor bin, where Horn placed him in the shade, and gave him a cold drink. According to Horn, he asked George a second time if he wanted an ambulance called and he replied, "No. I'm going to be fine. I'm feeling better." According to Horn, he also offered to drive George home, and George declined.

¶4.	It is disputed whether George was offered a ride home or whether he was simply told to leave the premises and go home. Nevertheless, George left the farm between 1:00 and 3:00 p.m. and was observed driving erratically thereafter. Hawkins arrived home around 4:50 p.m. and found George in distress. Hawkins stated that she attempted to soothe George's distress by rubbing his back, but he still remained ill. Hawkins went to retrieve Tylenol for George, and upon her return she found him unresponsive and trembling.

2

Hawkins called an ambulance around 6:50 p.m., and George was taken to the hospital while unconscious, and subsequently died days later.

¶5.    Hawkins filed a wrongful-death lawsuit against Heck Yea.  Horn and Hawkins were deposed shortly thereafter.  During Hawkins's deposition, she testified that she spoke with a former employee of Heck Yea, Danny Martin ("Martin").  Martin was bailing hay at the time George began experiencing a heat stroke.  According to Hawkins, Martin told her that George was incoherent and unsteady when he became ill.  As a result, he was placed in the tractor bucket and hosed down and driven to the barn.  Hawkins also submitted affidavits to support her allegations against Heck Yea.  All affidavits, except the medical professional's, were inadmissible, because they were deemed hearsay.  The medical professional's affidavit stated that George would have exhibited signs of a stroke while on Heck Yea's property, and if treatment had been administered within four to four and a half hours of the symptoms, he could have recovered.

¶6.    Heck Yea moved for summary judgment on the ground that Hawkins failed to present a genuine issue of material fact.  It argued that Horn's recollection of events established that George was coherent and stable when he was on Heck Yea's premises.  Further, Heck Yea cited Hawkins's deposition testimony as the only evidence contradicting Horn's account.  Heck Yea posited that Hawkins's deposition testimony was double hearsay and inadmissible, since her deposition testimony was a recitation of statements from another employee.  Heck Yea argued that the good-samaritan statute immunized it from liability. The trial court found that the good-samaritan statute was dispositive, and  Heck Yea's motion for summary

3

judgment was granted. Finding no error, we affirm.

## STANDARD OF REVIEW

¶7. Under Mississippi Rule of Civil Procedure 56(c), the trial court should grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). The moving party bears the burden of persuasion to establish that there is no genuine issue of material fact. *Stuckey v. The Provident Bank*, 912 So. 2d 859, 866 (¶11) (Miss. 2005) (quoting *Shaw v. Burchfield*, 481 So. 2d 247, 252 (Miss. 1985)). The party with the burden of proof at trial bears the burden of production.

¶8. "[S]ummary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88-89 (¶11) (Miss. 2013) (quotation marks omitted). This Court applies de novo review to the circuit court's grant of summary judgment. *Hayne v. The Doctors Co.*, 145 So. 3d 1175, 1180 (¶10) (Miss. 2014).

## DISCUSSION

I. **Whether the good-samaritan statute is the dispositive law.**

    A.    *Duty Owed to Invitees Under the Good-Samaritan Statute*

¶9. Hawkins asserts that the trial court erred in finding that the good-samaritan statute was the *only* applicable legal theory, because her complaint alleged general principles of

4

negligence. Hawkins maintains that Hawkins was owed a duty of care as an invitee on Heck Yea's property, because he went on Heck Yea's property for business purposes. Hawkins argues that the trial judge erred in granting Heck Yea's motion for summary judgment because she illustrated a genuine issue of material fact under the theory of negligence. We disagree.

¶10. The "good-samaritan statute," Mississippi Code Annotated section 73-25-37(1) (Supp. 2016), provides:

> No duly licensed, practicing physician, physician assistant, dentist, registered nurse, licensed practical nurse, certified registered emergency medical technician, or any other person who, in good faith and in the exercise of reasonable care, renders emergency care to any injured person at the scene of an emergency, or in transporting the injured person to a point where medical assistance can be reasonably expected, shall be liable for any civil damages to the injured person as a result of any acts committed in good faith and in the exercise of reasonable care or omissions in good faith and in the exercise of reasonable care by such persons in rendering the emergency care to the injured person.

¶11. Where owners and possessors of land voluntarily render aid to invitees, they have a duty to exercise reasonable care when doing so. *Ladner v. Holleman*, 90 So. 3d 655, 658 (¶9) (Miss. Ct. App. 2012). This Court previously held in *Ladner* that the good-samaritan statute is not dispositive where the principles of negligence may also apply. "The duty owed to [the visitor] could have been the applicable standard of care under either [the good-samaritan statute or premises-liability law]," where the visitor argued that the homeowner voluntarily rendered aid by applying antibiotic ointment to her abrasions. *Id*. at (¶10). "An invitee is defined as a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Hudson v.*

5

*Courtesy Motors Inc.*, 794 So. 2d 999, 1003 (¶9) (Miss. 2001) (citing *Lucas v. Buddy Jones Ford Lincoln Mercury Inc.*, 518 So. 2d 646, 647 (Miss. 1988)).  "A landowner owes a business invitee a duty of reasonable care for the invitee's safety." *Id*.

### B.     The Present Case

¶12.    While *Ladner* espoused the theory that the good-samaritan statute can coexist with general negligence principles, that is not the case here. Hawkins asserts that Heck Yea had a duty of reasonable care to render aid to George, because George was an employee of Heck Yea.  Hawkins contends that Heck Yea failed to meet that duty when it did not request an ambulance for George.  Hawkins maintains that an ambulance should have been requested despite George's refusal of the assistance, since Martin told her that George was incoherent when he became medically distressed.  Hawkins presented affidavits from purported Heck Yea employees to support her contentions; however, the court determined that Hawkins's contradictory evidence was inadmissible hearsay.  Hawkins asserts that the statement of Martin supported a genuine issue of material fact.  Nevertheless, his purported statements were inadmissible double hearsay, since Hawkins merely repeated Martin's recollection of Horn's statements.  Martin was never deposed, and no additional evidence was proffered to support Hawkins's wrongful-death claim.  Moreover, Hawkins never subpoenaed Martin to substantiate her claims.

¶13.    Heck Yea hired George to perform fence-washing duties on its farm.  Therefore, he was an invitee for the mutual benefit of the parties.  The evidence established that after George became medically distressed, he was taken to a barn and placed in the shade.  Horn

asked George twice if he needed emergency medical assistance, yet George declined. Horn also asked George if he needed assistance with driving home and George declined. George was a business invitee and was offered aid when he became medically distressed, but he refused assistance. The trial court found that the good-samaritan statute was dispositive of Hawkins's wrongful-death case. While we do not agree that the statute was dispositive, Hawkins failed to establish that Heck Yea's negligence was the proximate cause of George's death under either theory of liability. Accordingly, we find no error in the trial court's holding.

**II.     Whether the trial court erred in not applying the general principles of negligence to Hawkins's case.**

¶14.   Hawkins argues that a general theory of negligence was the applicable standard, and Heck Yea breached its duty of care to George. We find that even under the general principles of negligence, Heck Yea did not breach its duty to George.

¶15.   "[A]ll negligence claims have four essential elements—(1) duty, (2) breach, (3) causation, and (4) injury." *O'Gwin v. Isle of Capri Natchez Inc.*, 139 So. 3d 783, 787 (¶9) (Miss. Ct. App. 2014) (citing *Gulledge v. Shaw*, 880 So. 2d 288, 292-93 (¶10) (Miss. 2004)). "[A] property owner who holds its property open to the public is in a special relationship with those who accept the invitation to come onto the property. And [the Mississippi Supreme Court] has found this specific relationship prompts a specific duty." *Id.* at (¶13).

¶16.   The Mississippi Supreme Court has previously held that owners of land who hold their land open to the public have a duty to render reasonable first aid to invitees on their land. *Spotlite Skating Rink Inc. v. Barnes ex rel. Barnes*, 988 So. 2d 364, 369 (¶18) (Miss. 2008).

7

However, that duty abates when a competent patron refuses medical aid, and surrenders her care to her own discretion and to the judgment of her spouse. *Estate of White ex rel. White v. Rainbow Casino-Vicksburg P'Ship*, 910 So. 2d 713, 719 (¶18) (Miss. Ct. App. 2005). Moreover, that duty ends when the care of the patron is assumed by someone else. *O'Gwin*, 139 So. 3d at 788 (¶14). The only admissible evidence presented to the circuit court established that George was rendered reasonable first aid when he began experiencing a heat stroke. He was taken to the barn, placed in the shade, and given a cool drink. He was asked if he needed emergency medical services twice, and he declined both offers. Hawkins maintains that since George was incoherent at the time aid was rendered, Heck Yea had a duty to call an ambulance to its premises. Nevertheless, the admissible evidence presented does not support her contention that George was incoherent. Moreover, the circuit-court judge noted that Hawkins's two-hour delay in calling an ambulance was problematic to her case. We find that Heck Yea rendered reasonable first aid to George and that its duty ended after George left its premises and Hawkins assumed his care. Finding no error, we affirm.

¶17. **AFFIRMED.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. GRIFFIS, P.J., AND WILSON, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**