# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00597-COA

JEFF SNYDER                                                                          APPELLANT

v.

ESTATE OF HERMAN COCKRELL,                                          APPELLEE
DECEASED

DATE OF JUDGMENT:               05/10/2022
TRIAL JUDGE:                         HON. STANLEY ALEX SOREY
COURT FROM WHICH APPEALED:   SMITH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       RAYMOND PATRICK TULLOS
ATTORNEYS FOR APPELLEE:       PATRICK H. ZACHARY
                                     VICKI R. LEGGETT
NATURE OF THE CASE:            CIVIL - TORTS - OTHER THAN PERSONAL
                                     INJURY AND PROPERTY DAMAGE
DISPOSITION:                     AFFIRMED - 11/14/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Jeff Snyder filed a negligence claim against his grandfather Herman Cockrell for

injuries he received from a golf cart accident that occurred at a family gathering on

Cockrell's property. Snyder's complaint alleged that the accident occurred as a result of

ninety-one-year-old Cockrell acting negligently by failing to take steps to disable the golf cart

and by leaving an operational golf cart unattended when he left his property. Because

Cockrell passed away before Snyder commenced legal proceedings, Snyder's lawsuit was

brought against Cockrell's Estate. The Estate later moved for summary judgment on the

ground that the undisputed evidence in the record showed there was a failure of proof as to

any act or omission by Cockrell that caused Snyder's injury. Snyder opposed the motion arguing that the Estate failed to meet its burden for summary judgment. The Smith County Circuit Court granted summary judgment in favor of the Estate, finding that the record was absent of any specific proof of conduct by Cockrell that constituted negligence. Aggrieved, Snyder appeals the grant of summary judgment. Finding no error, we affirm.

## STATEMENT OF THE FACTS

¶2.     Cockrell hosted a family gathering on his property the day after Christmas in December of 2016. Snyder, who was forty-six years old at the time and lived in a trailer nearby on property once owned by Cockrell, was in attendance. Cockrell owned a golf cart that he had been using to drive around his property. On this particular day, Cockrell pulled the cart up to an area where people were gathered. Cockrell's daughter then suggested that they visit his sister-in-law down the street. According to his testimony under oath[1] prior to his death, he obliged and "slid off the golf cart, got in the truck with her," and departed from his property.

¶3.     Sometime after Cockrell left, Raygon Sullivan and her child got into the golf cart and sat in the driver's seat. Snyder was standing in front of the golf cart engaged in conversation with another guest, Cameron Clemens. According to interrogatory responses filed by Snyder, Sullivan's child then "fell onto the accelerator pedal of the golf cart, hitting me and causing

_____

[1] Cockrell was deposed under oath by Mississippi Farm Bureau Casualty Insurance Company on June 29, 2017.

2

me to fall." As a result of his fall, Snyder sustained injuries to his left knee and the lower portion of his left leg. When the golf cart accident occurred, Cockrell was still with his daughter away from his property and did not learn of Snyder's golf cart accident until he returned to the property.

## PROCEDURAL HISTORY

¶4. On December 23, 2019, Snyder filed his complaint against Cockrell's Estate, requesting compensation for injuries from the accident and lost wages incurred from farming on family property. He sought to hold the Estate liable for Cockrell's negligence based upon a failure to secure the golf cart, failure to take steps to render the cart non-operational, and failure to warn bystanders that the cart was operable. The Estate filed an answer on March 9, 2020, asserting that Cockrell could not be found guilty of negligence as alleged in the complaint because he was not present on the property at the time of the alleged accident, and he did not breach his duty owed to Snyder. That same day, the Estate also filed a notice of service of interrogatories and requests for production propounded to Snyder.

¶5. Snyder filed a notice of service of his answers to the interrogatories and response to the request for the production of documents on August 13, 2020. On September 9, 2020, the Estate filed its motion for summary judgment and submitted a document containing an itemization of undisputed material facts. The Estate's summary judgment motion filed with the circuit court claimed that there was no evidence of conduct on Cockrell's part from the time of the golf cart incident and thus no breach of duty. The Estate contended that Snyder

3

could not meet the burden of proof for his negligence action based on the evidence in the record. Snyder subsequently filed his memorandum in response to the motion for summary judgment on December 4, 2020, asserting, among other things, that Cockrell was negligent in failing to secure the golf cart and render it inoperable. On December 8, 2020, the Estate filed its rebuttal.

¶6.     After a hearing on the matter, the circuit court determined that Snyder was a social guest and Cockrell owed him a duty of care because he was a licensee on Cockrell's land. In the summary judgment order, the court found that there was no allegation by Snyder that Cockrell was guilty of any active conduct; there was no proof in the record of any active negligent conduct by Cockrell; and there was no evidence of willful or wanton conduct by Cockrell. Summary judgment was granted based upon the circuit court's conclusion that Snyder did not produce significant probative evidence of any genuine issue of material fact in his premises liability case.

## STANDARD OF REVIEW

¶7.     This Court "review[s] the grant of summary judgment de novo and will view the evidence 'in the light most favorable to the nonmoving party.'" *Thomas v. Boyd Biloxi LLC*, 360 So. 3d 204, 209 (¶16) (Miss. 2023) (quoting *Renner v. Retzer Res. Inc.*, 236 So. 3d 810, 814 (¶14) (Miss. 2017)). "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

4

a judgment as a matter of law.'" *Thomas v. Shed 53 LLC*, 331 So. 3d 66, 70 (¶10) (Miss. Ct. App. 2021) (quoting *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013)); *accord* M.R.C.P. 56(c).

## DISCUSSION

¶8. The overarching issue before this Court is whether summary judgment was properly granted in favor of Cockrell's Estate.[2] Because we find that the evidence presented in this case fails to demonstrate that there is proof of conduct to establish a breach of the duty owed to Snyder, summary judgment was proper.

¶9. For summary judgment proceedings, "the burden of producing evidence in support of, or in opposition to, the motion . . . is a function of Mississippi rules regarding the burden of proof at trial on the issues in question." *Karpinsky*, 109 So. 3d at 88 (¶11) (quoting *Palmer v. Biloxi Reg'l Med. Ctr. Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990)). "[W]here the defendant files a motion for summary judgment, . . . the defendant 'carries the initial burden of persua[sion,]'" *Miller v. City of Gulfport*, 323 So. 3d 1117, 1120 (¶6) (Miss. Ct. App. 2021) (quoting *Karpinsky*, 109 So. 3d at 89 (¶13)). But because "the defendant does not carry the burden of production at trial, he does not carry any burden of production at the summary

---

[2] Snyder includes in his issues on appeal an argument alleging a specific breach of duty by Cockrell based on an analysis of what is characterized as an "active-conduct exception" outlined in *Hoffman v. Planters Gin Co.*, 358 So. 2d 1008, 1009 (Miss. 1978). However, because we find that Snyder failed to provide *any* evidence of a breach by Cockrell, this issue is dispositive, and our review of the case ends there.

judgment stage." *Id.*[3]

¶10.    In turn, the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial" and "may not sit idly nor 'rest upon the mere allegations or denials of his pleadings[.]'" *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 409 (¶17) (Miss. 2018) (quoting M.R.C.P. 56(e)). The plaintiff then, as "[the non-moving party,] 'carries the burden of producing sufficient evidence of the essential elements of [his] claim at the summary-judgment stage, as [he] would carry the burden of production at trial.'" *Boyd Biloxi*, 360 So. 3d at 210 (¶17) (quoting *Karpinsky*, 109 So. 3d at 89 (¶11)).

¶11.    Snyder concedes that his negligence action asserts a claim based solely upon premises liability, therefore, our analysis will focus on the law pertinent to that type of claim. "Premises liability is a 'theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of "conditions or activities" on the land.'" *Johnson v. Goodson*, 267 So. 3d 774, 777 (¶11) (Miss. 2019) (quoting *Doe v. Jameson Inn Inc.*, 56 So. 3d 549, 553 (¶11) (Miss. 2011)). "Negligence is established by showing four elements: duty, breach, causation, and damages." *Demoney v. Gateway Rescue Mission*, 304 So. 3d 652, 657 (¶16) (Miss. Ct. App. 2020). Applied in the context of a motion for summary judgment, "the plaintiff must present sufficient evidence on *all* four elements of the claim

---

[3] The defendant, as "the moving party, 'bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, [he] is entitled to judgment as a matter of law.'" *Boyd Biloxi*, 360 So. 3d at 210 (¶17) (quoting *Karpinsky*, 109 So. 3d at 88 (¶11)).

6

to carry the burden of going forward." *Ladner v. Holleman*, 90 So. 3d 655, 659 (¶13) (Miss. Ct. App. 2012) (emphasis added). If the record "show[s] *a complete failure of proof* on an essential element of the claim or defense, other issues become immaterial and the moving party is entitled to summary judgment as a matter of law." *Joe McGee Constr. Co. Inc. v. Brown-Bowens*, 368 So. 3d 1277, 1280 (¶9) (Miss. 2023) (quoting *Crain v. Cleveland Lodge 1532, Order of Moose Inc.*, 641 So. 2d 1186, 1188 (Miss. 1994)).

¶12.    Thus, to overcome the Estate's motion for summary judgment, Snyder had the burden of presenting evidence to establish that an act or omission committed by Cockrell breached a duty owed to Snyder and caused his injury. "Whether a duty exists in a negligence case is a question of law to be determined by the court." *Doe v. Hunter Oaks Apartments L.P.*, 105 So. 3d 422, 425 (¶9) (Miss. Ct. App. 2013). Here, both parties have stipulated in the record that Cockrell owed Snyder a duty of care based on his presence as a guest on Cockrell's property. A breach of that duty is an element essential for a finding of negligence. *Bay Point High and Dry L.L.C. v. New Palace Casino L.L.C.*, 46 So. 3d 821, 823 (¶6) (Miss. Ct. App. 2010). This Court has explained, "because 'the basis of liability is negligence and not injury,'" a plaintiff cannot survive a summary judgment motion without providing evidence that an act of the defendant caused the plaintiff's injury. *Ladner*, 90 So. 3d at 659 (¶14).

¶13.    Snyder argues that the evidence offered in the record shows that Cockrell committed the following allegedly wrongful conduct: he left the keys in the golf cart, and/or exited the golf cart without engaging the parking brake; and he did not warn anyone to stay away from

7

the golf cart when he left. Snyder alternatively describes the allegedly wrongful conduct as a failure by Cockrell to disable the golf cart, and as "Cockrell's instigation of driving and then abandoning an operational golf cart near family members creat[ing] a dangerous situation[.]"

¶14.    However, a thorough review of the record shows that Snyder's proof in support of his argument consists primarily of the actions of other people on the golf cart after Cockrell left and mere speculation as to Cockrell's conduct after he finished operating the cart. Notably, when directly asked in an interrogatory to describe how the accident occurred and "exactly what you claim Herman Cockrell did to cause or contribute to the accident," Snyder responded:

> My girlfriend's daughter's boyfriend, Cameron Clemons, and I were in front of my grandfather, Herman Cockrell's[] home standing in front of the golf cart talking. Raygon Sullivan and her child were sitting in the driver seat of the golf cart when the child fell onto the accelerator pedal of the golf cart hitting me and causing me to fall.

When later responding to an interrogatory inquiring about damages, Snyder made a conclusory allegation that Cockrell failed to properly turn off the golf cart and engage the parking brake. However, Snyder does not allege that he or any other witness would testify they had personal knowledge Cockrell did not turn off the cart or engage the parking brake prior to leaving the property. Also, his interrogatory responses mention Sullivan and her involvement in the events leading to the accident and that he intended to call her as a witness. But the record shows that Snyder did not provide evidence of any sworn statements from

8

Sullivan or any other witness to contest the summary judgment motion. In fact, the only evidence of Cockrell's actions comes from Cockrell's testimony referenced earlier in the simple statement he made that he "slid off the golf cart." He was never asked about what steps he took or did not take after he finished driving the golf cart. Any findings beyond that would require pure speculation and conjecture. As our supreme court recently found in a similar appeal of a grant of summary judgment, "[o]ne can do no more than speculate about causation here, and speculation does not defeat summary judgment." *Joe McGee*, 368 So. 3d at 1277 (¶10); *see also Dolgencorp LLC v. Payton*, 366 So. 3d 838, 842 (¶16) (Miss. 2023).

¶15.    The evidence in the record at the time of the summary judgment motion failed to demonstrate any act or omission on Cockrell's part to merit a claim for negligence. Furthermore, the only evidence found in the record establishes that there is no dispute of fact that Cockrell was not operating the golf cart at the time it came in contact with Snyder. Additionally, there is no dispute of fact that Cockrell was not on the premises at the time, such that he could have been conducting or overseeing the operation of the golf cart.

## CONCLUSION

¶16.    Because Snyder failed to put forth sufficient evidence to create a genuine issue of material fact as to the essential element of a breach of duty committed by Cockrell, summary judgment was properly granted in favor of Cockrell's Estate. We therefore affirm the order of the circuit court.

¶17.    **AFFIRMED.**

9

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**